**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ANTWANE JOHNSON, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>-against-<br><br>FIRST PREMIER HOME WARRANTY CORP.,<br><br>                    Defendant. | Case Number:<br><br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

Plaintiff ANTWANE JOHNSON (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, bring this Class Action Complaint (the "Complaint") against defendant FIRST PREMIER HOME WARRANTY CORP., (hereinafter referred to as "Defendant"), and alleges, upon personal knowledge as to his own conduct, and upon information and belief as to the conduct of others, as follows:

## INTRODUCTION

1.      Plaintiff brings this Complaint against Defendant to stop Defendant from violating the Telephone Consumer Protection Act, 47 U.S.C §§ 227, *et seq*. ("TCPA") and invading the privacy of Plaintiff and the putative class by making unsolicited telemarketing calls using an artificial or pre-recorded voice without their consent in violation of the TCPA as well as its related regulations under the National Do-Not-Call provision of 47 C.F.R. § 64.1200(c).

2.       Plaintiff seeks injunctive and monetary relief for all persons injured by Defendant's unlawful conduct.

3.    Defendant made several unsolicited telephone calls utilizing an artificial or pre-recorded voice and transmitted text messages to Plaintiff's cellular telephone for the purpose of soliciting business from Plaintiff.

4.    The TCPA was enacted to protect consumers from unsolicited and unwanted telephone calls exactly like those alleged in this case.

5.    In response to Defendant's unlawful conduct, Plaintiff seeks an injunction requiring Defendant to cease all unsolicited phone calls as well as an award of statutory damages to the members of the Classes (defined below) per violation, together with court costs, reasonable attorneys' fees, and treble damages (for knowing and/or willful violations).

## PARTIES

6.    Plaintiff is a Maryland citizen and currently resides in Charles County.  Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7.    Upon information and belief, Defendant is a domestic corporation with its nerve center located at 2918 Avenue R, Brooklyn, New York 11229. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of New York and within this judicial district.

8.    At all times mentioned herein, Defendant is a "person" as defined by 47 U.S.C. § 153(39).

9.    Whenever in this Complaint it is alleged that Defendant committed any act or omission, it is meant that Defendant's officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendant or was done in the routine normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants, or employees.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under a federal statute.

11.     The Court has personal jurisdiction over Defendant because: (i) Defendant is a New York citizen; (ii) conducts significant business in this District; and (iii) the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## LEGAL BASIS FOR THE CLAIMS

13.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In doing so, Congress recognized that "[u]nrestricted telemarketing … can be an intrusive invasion of privacy.…"  Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243 § 2(5) (1991) (codified at 47 U.S.C. § 227).

14.     Specifically, the TCPA restricts telephone solicitations (*i.e.,* telemarketing) and the use of automated telephone equipment.  The TCPA limits the use of automatic dialing systems, artificial or prerecorded voice messages, SMS text messages, and fax machines.  It also specifies several technical requirements for fax machines, autodialers, and voice messaging systems – principally with provisions requiring identification and contact information of the entity using the device to be contained in the message.

15.     The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA.  According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be

costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.  Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

16.    In its initial implementation of the TCPA rules, the FCC included an exemption to its consent requirement for prerecorded telemarketing calls.  Where the caller could demonstrate an "established business relationship" with a customer, the TCPA permitted the caller to place pre-recorded telemarketing calls to residential lines.  The new amendments to the TCPA, effective October 16, 2013, eliminated this established business relationship exemption.

17.    In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior *express* written consent" for such calls to wireless numbers. See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

18.    To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates."  In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

19.    Therefore, all autodialed telemarketing calls to residential lines and all autodialed calls or SMS text messages to wireless numbers violate the TCPA if the calling party does not first obtain express written consent from the called party.

20.    As of October 16, 2013, unless the recipient has given <u>prior express written consent</u>,[1] the TCPA and Federal Communications Commission ("FCC") rules under the TCPA generally:

- Prohibit solicitors from calling residences before 8 a.m. or after 9 p.m., local time.

- Require that solicitors provide their name, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which that person or entity may be contacted.

- Prohibit solicitations to residences that use an artificial voice or a recording.

- Prohibit any call or text made using automated telephone equipment or an artificial or prerecorded voice to a wireless device or cellular telephone.

- Prohibit any call made using automated telephone equipment or an artificial or prerecorded voice to an emergency line (*e.g.*, "911"), a hospital emergency number, a physician's office, a hospital/health care facility/elderly room, a cellular telephone, or any service for which the recipient is charged for the call.

- Prohibit autodialed calls that engage two or more lines of a multi-line business.

- Prohibit unsolicited advertising faxes.

- Prohibit certain calls to members of the National Do Not Call Registry.

21.    Furthermore, in 2008, the FCC held that "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules." *In re Rules and Regulations Implementing the Telephone Consumer Protection Act, Declaratory Ruling on Motion by ACA International for Reconsideration*, 23 FCC

---

[1]    Prior express written consent means "an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered." 47 C.F.R. § 64.1200(f)(8).

Rcd. 559, 565, ¶ 10 (Jan. 4, 2008); *Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748 (N.D. Ill., Dec. 31, 2012).

22.    Accordingly, the entity can be liable under the TCPA for a call made on its behalf, even if the entity did not directly place the call.  Under those circumstances, the entity is deemed to have initiated the call through the person or entity.

23.    With respect to misdialed or wrong-number calls, the FCC clarified that "callers who make calls without knowledge of reassignment and with a reasonable basis to believe that they have valid consent to make the call should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15–72, 30 F.C.C.R. 7961, ¶¶ 71-72 (July 10, 2015).  "If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such." *Id.*  Thus, any second call placed to a wrong number violates the TCPA.

24.    Individuals acting on behalf of a corporation may be held personally liable under the TCPA when they directly participated in, or personally authorized, the violative conduct.

25.    Under general tort principles, corporate officers or agents are personally liable for those torts which they personally commit, or which they inspire or participate in, even though performed in the name of an artificial body.

## FACTUAL ALLEGATIONS

26.     Defendant is a market leader in home warranties providing certain warranty service contracts to consumers and homeowners that purport to protect against the cost of unexpected repairs of their home systems and appliances that allegedly homeowners' insurance overlooks.[2]

27.     In Defendant's overzealous attempt to market its services, however, Defendant knowingly and willfully made (and continues to make) unsolicited telemarketing phone calls without the prior express written consent of the call recipients.

28.     Defendant also patently violated (and continues to violate) the National Do-Not-Call provision of 47 C.F.R § 64.1200(c).

29.     Through its methods, Defendant has invaded the personal privacy of Plaintiff and members of the Classes (as defined below).

30.     Defendant's unsolicited telemarketing phone calls, text messages, and voicemails also disturbed the solitude of Plaintiff and members of the Classes (as defined below).

31.     Upon information and belief, Defendant has intentionally and repeatedly violated the TCPA, and will continue to do so in violation of Plaintiff's and the Class members rights absent judicial relief and legal redress.

## FACTUAL ALLEGATIONS AS TO PLAINTIFF

32.     At all times relevant to this Complaint, Plaintiff was assigned, and was the owner of, a cellular telephone number ending in - 2225 ("Cell Phone").

33.     Plaintiff, *himself*, registered his Cell Phone with the National Do Not Call Registry since May 5, 2012.

---

[2] https://firstpremierhomewarranty.com/ (Last Visited: August 6, 2024)

34.    Plaintiff is the sole user and/or subscriber of his Cell Phone and is financially responsible for phone service to his Cell Phone.

35.    Plaintiff's Cell is used solely for residential purposes.

36.    At no time prior to Defendant first initiating its call to Plaintiff did Plaintiff provide Plaintiff's Cell Phone to Defendant through any medium.

37.    At no time did Plaintiff ever enter a business relationship with Defendant.

38.    At no point in time did Plaintiff provide Defendant with his express written consent to be contacted for marketing purposes.

39.    At no point in time did Plaintiff provide Defendant with his express written consent to be contacted by Defendant on his Cell Phone via an artificial voice or pre-recorded message.

40.    Nevertheless, Defendant inundated Plaintiff with illegal calls and text messages.

41.    Pursuant to 47 U.S.C. § 227(c)(3)(F), Defendant is required to check the National Do Not Call Registry before attempting to transmit a telephone solicitation to the telephone number of any subscriber included in the National Do Not Call Registry.

42.    Despite its obligations under the TCPA, Defendant placed numerous unlawful solicitation calls and text messages to Plaintiff on his Cell Phone from January 2024 through March 2024.

43.    Defendant's telephone calls and text messages constituted telephone solicitations pursuant to 47 C.F.R. § 64.1200(c), as they were an attempt to promote or sell Defendant's services.

44.    Specifically, on January 25, 2024, Plaintiff received an unsolicited telemarketing call to his Cell Phone from the phone number, (301) 200-7289, which utilized an artificial or pre-recorded voice.

45.     Once the Defendant's agent connected to the call, Defendant's agent introduced himself as calling from "First Premier Home Warranty Corp." Thereafter, Plaintiff informed Defendant's agent that they had the wrong number and Plaintiff had not requested a home warranty quote. Plaintiff requested Defendant to not call him in the future.

46.     The following day on January 26, 2024, Plaintiff received yet another unsolicited telemarketing call to his Cell Phone from the same phone number, (301) 200-7289, which utilized an artificial or pre-recorded voice.

47.     Upon connecting with Defendant's agent, Defendant's agent introduced himself as calling from "First Premier Home Warranty Corp."

48.     Once again, Plaintiff informed Defendant's agent that they had the wrong number and Plaintiff had not requested a home warranty quote. Plaintiff requested Defendant to not call him in the future.

49.     Despite Plaintiff's instructions, Plaintiff received yet another unsolicited telemarketing call to his Cell Phone on February 2, 2024.

50.     Once again, Plaintiff received a call from the same phone number, (301) 200-7289, which utilized an artificial or pre-recorded voice.

51.     Upon connecting with Defendant's agent, Defendant's agent introduced himself as calling from "First Premier Home Warranty Corp".

52.     Once again, Plaintiff informed Defendant's agent that they had the wrong number and Plaintiff had not requested a home warranty quote. Plaintiff requested Defendant to not call him in the future.

53.     Incredibly, Plaintiff received yet another unsolicited telemarketing call to his Cell Phone from the phone number, (301) 200-7289, on March 5, 2024.

54.     This time the call quickly disconnected.

55.     To collect more information and request Defendant cease communications, Plaintiff called the Defendant back.

56.     Once again, Defendant identified themselves as calling on behalf of "First Premier Home Warranty Corp" and subsequently attempted to solicit services for home warranties.

57.     For a fourth time, Plaintiff informed Defendant's agent that they had the wrong number and Plaintiff had not requested a home warranty quote. Plaintiff requested Defendant to not call him in the future.

58.     Despite informing Defendant that the calls to Plaintiff were made in error and Plaintiff did not consent to being contacted by Defendant, Defendant continued to inundate Plaintiff with illegal calls which Plaintiff declined to answer.

59.     Specifically, Plaintiff received the following illegal communications to his Cell:

- 03/06/2024, from phone number (301) 200-7289

- 03/06/2024, from phone number (301) 200-7289

- 03/10/2024, from phone number (301) 200-7289

60.     On March 10, 2024, Plaintiff received a voicemail from Defendant, identifying himself as "Joe from First Premier Home Warranty". The voicemail continued by stating, "I see you filled out a quote on our site, and we're actually running a 25% discount cheaper than you see online. Give me a call back, my direct number is (917) 781-0685."

61.     To make matters worse, Plaintiff also received several unlawful solicitation text messages to Plaintiff on his Cell Phone during this same time period.

62.     Specifically, on January 25, 2024, at 2:43pm, Plaintiff received an automated unsolicited text message to his Cell Phone from (713) 554-8650. The message read as, "Hey Darryl, This is Ted from First Premier Home Warranty. I see you were looking for Prices on our

Website. We're Running a SALE! When's a good time in your schedule to call you? My number is (917) 268-5764." Plaintiff did not respond to the message.

63.     That same day, on January 25, 2024, at 3:14pm, Plaintiff received a second automated unsolicited text message to his Cell Phone from (214) 731-4310.

64.     The text message read as, "Hi Darryl, its Joe from First Premier Home Warranty. We're Running our Winter Sale! Can I call you?". Plaintiff did not respond to the message.

65.     Immediately thereafter, on January 25, 2024, at 4:51pm, Plaintiff received a third automated unsolicited text message to his Cell Phone from (470) 764-9053. The text message read as, "Hey Darryl, This is Jake from First Premier Home Warranty. We're Running $300 OFF OUR PLAN!! FREE ROOF COVERAGE + 2 MONTHS FREE! When's a good time for you to talk? My number is (917) 728-1413." Plaintiff did not respond to the message.

66.     On February 27, 2024, at 3:50pm, Plaintiff received another automated unsolicited text message to his Cell Phone from (347) 906-9067. The text message read as, "First Premier Home Warranty: SALE ENDS TODAY. Last Chance for 50% OFF + 2 MONTHS FREE on ALL Home Warranty Plans! Call NOW 855-916-3700. Reply Stop to Opt out." Plaintiff did not respond to the message.

67.     On March 5, 2024, at 5:03pm, Plaintiff received another automated unsolicited text message to his Cell Phone from (470) 0228-4594. The text message read as, "Hi Darryl, Please see Attached Reputable and Trusted Websites for Our Verified Reviews." Defendant then attached the following websites for reviews on First Premier Home Warranty:

1- https://comparemyhomewarranty.com/brands?fp1=202&utm_medium=cpc&utm_sou rce=google&tid=kwd-411098181355&agid=136584504437

2- https://yourdigitalwall.com/2022/07/22/first-premier-home-warranty-named-best-in-claims-by-investopedia/

3-https://www.consumeraffairs.com/homeowners/first-premier-home-warranty.html

68.     The following day, on March 6, 2024, at 1:18pm, Plaintiff received a second automated unsolicited text message from the same (470) 0228-4594 number.

69.     The text message read as, "Hey Darryl, This is Julian from First Premier Home Warranty. I see you were looking for Prices on our Website. We're Running a SALE! When's a good time in your schedule to call you? My number is (917) 781-0611". Plaintiff responded "Stop" to opt out of receiving text messages that same day at 3:48pm.

70.     Such text messages constitute telephone solicitations pursuant to 47 C.F.R. § 64.1200(c), as they were an attempt to promote or sell Defendant's services.

71.     Through the above-described repeated unsolicited and unwanted telemarketing calls, Defendant repeatedly invaded Plaintiff's privacy and violated Plaintiff's rights under the TCPA.

## LEGAL CLAIMS

72.     Defendant's unsolicited telemarketing calls to Plaintiff's Cell Phone were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

73.     Plaintiff did not request or provide Defendant "prior express written consent" to receive telemarketing calls to his Cell Phone utilizing a pre-recorded voice, pursuant to 47 U.S.C. § 227 (b)(1)(A).

74.     Plaintiff also did not provide regular "prior express consent" to receive any prerecorded calls from Defendant.

75.     The unwanted telephone calls Defendant made to Plaintiff invaded Plaintiff's privacy and violated 47 U.S.C. § 227(b)(1).

76.    Upon information and belief, Defendant did not make the telephone solicitations to Plaintiff's Cell Phone and other similarly situated persons in error, nor were such telephone communications made for emergency purposes.

77.    Upon information and belief, at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephonic solicitations to Plaintiff and other similarly situated persons in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5), including 47 C.F.R. § 64.1200(c).

78.    Upon information and belief, Defendant and/or a third party acting on Defendant's behalf, and for Defendant's benefit, made the above-described and substantially similar unlawful telephone solicitations to thousands of telephone numbers nationwide that were registered on the National Do Not Call Registry.

79.    Upon information and belief, at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5), including 47 C.F.R. § 64.1200(c).

80.    Upon information and belief, Defendant does not maintain a written policy, available upon demand, for maintaining a do-not-call list, as required by 47 C.F.R. § 64.1200(d)(1).

81.    Upon information and belief, Defendant does not train their employees or agents who are engaged in telemarketing on the existence and use of any do-not-call list, as required by 47 C.F.R § 64.1200(d)(2).

82.    Defendant failed to place Plaintiff on the do-not-call list, despite his requests to not be contacted. Instead, Defendant continued to transmit text messages to Plaintiff's Cell, in violation of 47 C.F.R § 64.1200(d)(3).

83.     By its actions, Defendant violated several sections of 47 C.F.R § 64.1200(c) and (d).

84.     Plaintiff properly alleges injuries in fact, which are fairly traceable to Defendant's unlawful acts, and are likely to be redressed by a favorable judicial decision.

85.     Among other harms caused by the unlawful calls at issue, receiving the unwanted phone calls resembles the kind of harm associated with invasion of privacy and intrusion upon seclusion.

86.     Among other harms caused by the unlawful telemarketing text messages at issue, receiving the unwanted telemarketing text messages resembles the kind of harm associated with invasion of privacy and intrusion upon seclusion.

87.     In order to redress injuries caused by Defendant's violations of the TCPA, Plaintiff, on behalf of himself and the Class of similarly situated individuals, bring suit under the TCPA, 47 U.S.C. §§ 227, *et seq.*, which prohibits certain unsolicited voice calls to cellular phones.

88.     On behalf of Plaintiff and the Class, Plaintiff seeks an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees for the unlawful calls.

## CLASS ACTION ALLEGATIONS

89.     Plaintiff brings this action pursuant to Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of the following Classes:

### TCPA Class

All persons within the United States (1) who received any solicitation/telemarketing phone calls and/or text messages from or on behalf of Defendant (2) to said person's cellular telephone (3) made through the use of an automatic telephone dialing system (4) without such person's prior express consent to receiving such calls (5) within the four years prior to the filing of this Complaint.

**DNC Class**

All persons within the United States (1) registered on the National Do Not Call Registry for at least 31 days, (2) who received more than one telephone solicitation (3) made by or on behalf of Defendant, (4) for the purpose of promoting Defendant's goods or services, (5) within any twelve-month period, (6) within the four years prior to the filing of the Complaint.

**Internal DNC Class**

All persons within the United States (1) who received a telephone solicitation call, (2) made by or on behalf of Defendant, (3) after a request from such person for Defendant to not make calls to their cellular telephone, (4) within four years prior to the filing of the complaint.

90.     Plaintiff reserves the right to modify the definition of the Class(es) as warranted as facts are learned in further investigation and discovery.

91.     Plaintiff and the members of the Class were harmed by Defendant's acts in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class *via* their cellular telephones using an automatic telephone dialing system, thereby causing annoyance to Plaintiff and the Class and also invading the privacy of Plaintiff and Class.

92.     Plaintiff does not know the number of members in the Classes, but believes the members of the Classes number in the thousands, if not more. Thus, the members of the Classes are so numerous that joinder of all of them is impracticable, and this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

93.     The members of the Class are ascertainable because the Class is defined by objective criteria and the Class members can be identified through Defendant's records or Defendant's agents' records and the National Do Not Call Registry.

94.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  There are many questions of law and fact common

to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes.

95.     Common questions for the Classes include, without limitation:

a.      Whether Defendant's conduct violated the TCPA;

b.      Whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct;

c.      Whether Defendant made phone calls to consumers using an automatic telephone dialing system to any telephone number assigned to a cellular phone service;

d.      Whether Defendant made phone calls to consumers registered on the National Do Not Call Registry; and

e.      Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

96.     As a person who received numerous telephone solicitations from Defendant within a 12-month period, who did not have an established business relationship or personal relationship with Defendant, and who did not provide Defendant prior express invitation or permission to receive telephone solicitations, Plaintiff is asserting claims that are typical of the Class.

97.     Plaintiff and the Class suffered irreparable harm and invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA, and suffered damages as a result of the Defendant's uniform unlawful and wrongful conduct. Absent a class action, the Class will continue to be damaged and face irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

16

98.     Plaintiff will fairly and adequately represent and protect the interests of the Class and have retained counsel competent and experienced in complex class actions.

99.     Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interest antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

100.    This class action is appropriate for class certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class and making final injunctive relief appropriate with respect to the Class as a whole.

101.    Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

102.    This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable.

103.    The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions.

104.    Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct.

105.    Even if members of the Class could sustain such individual litigation, a class action would still be preferable because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.

106.    By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

**FIRST COUNT**

**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. §§ 227, *ET SEQ.***

***(On Behalf of Plaintiff and the TCPA Class)***

107.    Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

108.    Defendant made unsolicited and unauthorized phone calls using an artificial or pre-recorded voice to the cellular telephones of Plaintiff and the Class members for the purpose of marketing products and/or services to Plaintiff and the Class.

109.    The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq.

110.    Defendant made unsolicited and unauthorized calls to Plaintiff and Class members for the purpose of marketing products and/or services to those Plaintiff and the Class

111.    Defendant's conduct invaded Plaintiff's privacy.

112.    As a result of Defendant's violations of 47 U.S.C. § 227, *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

113.    Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §§ 227, *ET SEQ.*

### (*On Behalf of Plaintiff and the TCPA Class*)

114.    Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

115.    At all relevant times, Defendant knew or should have known that its conduct as alleged herein violated the TCPA.

116.    Defendant knew that it did not have prior express written consent to make these calls, and knew or should have known that it was using an artificial or prerecorded voice in violation of the TCPA.

117.    Defendant willfully and/or knowingly allowed telemarketing calls to be placed to Plaintiff and Class members utilizing an artificial or pre-recorded voice. For instance, Defendant could have determined from a review of its own business records that it did not have the required prior express written consent to contact Plaintiff and/or Class members yet disregarded such information and placed illegal and unwanted solicitation calls.

118.    Because Defendant knew or should have known that Plaintiff and Class Members never gave their prior express written consent to receive prerecorded calls,, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

119.    As a result of Defendant's violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## THIRD COUNT
### NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §§ 227, *ET SEQ.*

### (*On Behalf of Plaintiff and the Do Not Call List Class*)

120.    Plaintiff re-alleges and incorporates by reference each preceding paragraph as though fully set forth herein.

121.    The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

122.    47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[3]

123.    47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

124.    Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

---

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03- 153A1.pdf

125.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*., including implementing regulation 47 C.F.R. § 65.1200(c).

126.    Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the National Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

127.    Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and members of the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above.

128.    As a result of Defendant's negligent violations of 47 U.S.C. §§ 227, *et seq*., Plaintiff and each member of the Do Not Call List Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

129.    Plaintiff and the Do Not Call List Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### FOURTH COUNT
#### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §§ 227, *ET SEQ.*

#### (*On Behalf of Plaintiff and the Do Not Call List Class*)

130.    Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

131.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA's implementing regulation 47 C.F.R. § 65.1200(c).

132.    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq.*, Plaintiff and each member of the Do Not Call List Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

133.    Plaintiff and the Do Not Call List Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### FIFTH COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. §§ 227, *ET SEQ.*

#### (*On Behalf of Plaintiff and the Internal Do Not Call List Class*)

134.    Plaintiff incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

135.    The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

136.    Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do- not call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6)

137.    Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wires telephone numbers.

(e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

47 C.F.R. § 64.1200(e)

138.    Plaintiff and Class members made requests to Defendant not to receive calls from Defendant.

139.    Defendant failed to honor Plaintiff and the Class members' requests not to receive calls from Defendant.

140.    Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons, including but not limited to Plaintiff, who requested not to receive telemarketing calls made by Defendant or on their behalf, pursuant to 47 C.F.R. § 64.1200(d).

141.    Because Plaintiff and the Class members received more than one phone call and/or text message in a 12- month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

142.    As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and each member of the Internal Do Not Call List Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

143.    Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

## SIXTH COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. §§ 227, *ET SEQ.*

### (*On Behalf of Plaintiff and the Internal Do Not Call List Class*)

144.    Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

145.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA's implementing regulation 47 C.F.R. § 65.1200(c).

146.    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §§ 227, *et seq*., Plaintiff and each member of the Internal Do Not Call List Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

147.    Plaintiff and the Internal Do Not Call Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, on behalf of himself and all others similarly situated, demands a trial by jury on all questions of fact raised by the complaint.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, respectfully request the following relief:

        a.      An Order certifying this action to be as a Class Action pursuant to Federal Rule of Civil Procedure 23, establishing the defined Class and any subclasses the Court deems appropriate, appointing Plaintiff is a proper representative of the Class, and

        b.      Appointing the law firm representing Plaintiff as Class Counsel;

        c.      An Order declaring Defendant's conduct, as alleged above, was in violation of the TCPA;

        d.      On the First Count and as a result of Defendant's negligent violations of 47 U.S.C. § 227(c), Plaintiff seeks for himself and each Class member: (i) $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, *inter alia*, the common fund doctrine; (vi) any other relief the Court may deem just and proper;

        e.      On the Second Count and as a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(c), Plaintiff seeks for himself and each Class member: (i) $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, inter alia, the common fund doctrine; and (vi) any other relief the Court may deem just and proper;

f.     On the Third Count and as a result of Defendant's negligent violations of the TCPA's implementing regulations, Plaintiff seeks for himself and each Class member: (i) $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, *inter alia*, the common fund doctrine; (vi) any other relief the Court may deem just and proper;

g.     On the Fourth Count and as a result of Defendant's knowing and/or willful violations of the TCPA's implementing regulations, Plaintiff seeks for himself and each Class member: (i) $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, inter alia, the common fund doctrine; and (vi) any other relief the Court may deem just and proper;

h.     On the Fifth Count and as a result of Defendant's negligent violations of the TCPA's implementing regulations, Plaintiff seeks for himself and each Class member: (i) $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, *inter alia*, the common fund doctrine; (vi) any other relief the Court may deem just and proper;

i.     On the Sixth Count and as a result of Defendant's knowing and/or willful violations of the TCPA's implementing regulations, Plaintiff seeks for himself and each Class member: (i) $1,500.00 in statutory damages, for each and every violation, pursuant

to 47 U.S.C. §227(c)(5); (ii) injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A); (iii) costs of suit; (iv) pre and post-judgment interest; (v) reasonable attorneys' fees pursuant to, inter alia, the common fund doctrine; and (vi) any other relief the Court may deem just and proper;

      j.     Post-judgment interest as allowed by applicable law; and

      k.     Any other further relief that the Court may deem just and proper.

Dated: New York, New York
      August 8, 2024

**KAZEROUNI LAW GROUP, A.P.C.**

By: _____
Ross H. Schmierer, Esq.
(State Bar No. 4145702)
48 Wall Street, Suite 1100
New York, NY 10005
Phone: (800) 400-6808
Fax: (800) 520-5523
ross@kazlg.com